UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LIONEL RICHARDSON, on behalf of himself
and N-Minor,

                           Plaintiff,

v.                                                      1:13-CV-0297
                                                        (GTS/RFT)
DENNIS J. PACKARD, Comm'r of NYS Dep't
of Soc. Serv.; JEAN M. NICHOLAS, Supervisor A,
NYS Child Protective Serv.; and CASSIE
McCRACKEN, Child Protective Case Worker,

                           Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

LIONEL RICHARDSON
  Plaintiff, *Pro Se*
1042 Pond View Drive
Cedar Hill, TX 75104

GOLDBERG SEGALLA, LLP                        JONATHAN M. BERNSTEIN, ESQ.
  Counsel for Defendants
8 Southwoods Boulevard, Suite 300
Albany, NY 12211-2526

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* civil rights action filed by Lionel Richardson

("Plaintiff") against the three above-captioned New York State employees ("Defendants"), is

Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6). (Dkt. No. 8.) For the reasons set forth below, Defendants' motion to

dismiss is granted, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

   A.  **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint alleges that, between approximately February of 2011 and January of 2013, in Schenectady County, New York, Defendants permitted the mother of Plaintiff's minor child to move with their child from the State of New York to the State of Georgia, despite knowing that the mother had tested positive for drugs, thereby causing his child to be taken into custody by the State of Georgia (due to his mother's drug use), where he broke his leg and is kept from Plaintiff. (Dkt. No. 1, at 8-12.) Based on these factual allegations, Plaintiff's Complaint asserts the following six claims against Defendants: (1) a claim that they failed to comply with Sections 1024 and 1026 of the Family Court Acts by not petitioning the courts for a determination of the best interests of his child; (2) a claim that they neglected their duty to protect his child; (3) a claim that they denied Plaintiff to right to due process under both the United States Constitution and New York State Constitution; (4) a claim that they caused his child to be in foster care longer than necessary; (5) a claim that they denied Plaintiff his right to access the courts; and (6) a claim that they denied Plaintiff the care, custody and management of his child. (*Id.*)

Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

   B.  **Parties' Briefing on Defendants' Motion**

Generally, in support of their motion to dismiss, Defendants assert the following six arguments: (1) Plaintiff has failed to allege facts plausibly suggesting the existence of a

municipal policy or custom sufficient to render Defendants liable under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1996); (2) Plaintiff's claim under Sections 1024 and 1026 of the Family Court Acts is not actionable; (3) Plaintiff's claim that his child's three-day placement in foster care in Georgia (over which Defendants had no control) was too long is not actionable and actually contradicts his claim that his child should not have been returned to his mother's custody; (4) Plaintiff possesses no due process claim under the New York State Constitution where (as here) the remedy for such an alleged violation exists under the United States Constitution (and 42 U.S.C. § 1983), and Plaintiff's due process claim under the United States Constitution (which is essentially the same as his denial-of-access-to-the-courts claim under the United States Constitution) fails to allege facts plausibly suggesting that Defendants prevented Plaintiff from petitioning a New York State court for full custody of his son while he was in New York State; (5) in any event, based on Plaintiff's own factual allegations, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (6) all of Plaintiff's state-law claims should be dismissed under N.Y. Gen. Mun. Law § 50-e for failure to serve Defendants with a Notice of Claim before commencing suit. (*See generally* Dkt. No. 8, Attach. 6 [Defs.' Memo. of Law].)

Generally, liberally construed, Plaintiff's response to Defendants' motion asserts the following four arguments: (1) Plaintiff "denies" (in a general manner) Defendants' failure-to-state-a-claim argument, qualified-immunity argument, and notice-of-claim argument; (2) Plaintiff "object[s]" to both Defendants' Notice of Removal and their motion to dismiss, based on the (asserted) untimeliness of those filings; (3) a municipal policy or custom exists because, "[a]s per [the] testimony of Susan Jeffords of the New York State Board of Parole[,] [i]t's

3

customary for Schenectady County Child Protection Service to allow a mother . . . [who is] [h]igh on [d]rugs to take [her] children from the State of New York to other States"; and (4) because Plaintiff's claim against Defendant Packard in his official capacity is the same as a claim against the State of New York, that claim is not subject to dismissal based on the doctrine of qualified immunity. (*See generally* Dkt. No. 15 [Plf.'s Opp'n Memo. of Law].)

Generally in their reply, Defendants assert the following four arguments: (1) by failing to specifically address Defendants' arguments regarding various of his claims, Plaintiff has effectively abandoned those claims, which should therefore be dismissed; (2) both the removal of this action from state court to federal court and the filing of Defendants' motion to dismiss were untimely, because the Complaint was served on February 25, 2013, and March 11, 2013, Defendants filed their application for removal on March 14, 2013, and they filed their motion to dismiss on April 19, 2013 (before the filing deadline of April 23, 2013); (3) Plaintiff's reliance on "the testimony of Susan Jeffords" is misplaced because (a) the testimony does not carry preclusive effect due to the dissimilarity between the issues presented by it and the Complaint, and (b) the testimony does not constitute an admission given that Ms. Jeffords is alleged not to be an employee of the New York State Department of Social Services; and (4) in any event, Plaintiff has failed to allege facts plausibly suggesting how Defendants violated the United States Constitution by allowing the return of the child to his mother, as permitted by Sections 1024 and 1026 of the Family Court Acts, thus protected them from liability by the doctrine of qualified immunity. (*See generally* Dkt. No. 13 [Defs.' Reply Memo. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing a Motion to Dismiss for Failure to State Claim

Defendants have correctly recited the well-known legal standard governing a motion to dismiss for failure to state a claim. (Dkt. No. 8, at Part 6, at 9-10 [attaching pages "3" and "4" of Defs.' Memo. of Law].) As a result, that standard is incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### B. Legal Standards Governing Plaintiff's Claims

Because Defendants have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims and Defendants' defenses in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for the review of the parties. (*See generally* Dkt. No. 8, Attach. 6 [Defs.' Memo. of Law]; Dkt. No. 13 [Defs.' Reply Memo. of Law].)

## III. ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff's Complaint should be dismissed for each of the numerous reasons offered by Defendants. *See, supra,* Part I.B. of this Decision and Order. The Court would add only two points.

First, the alleged hearing testimony of Ms. Jeffords is that "she communicated with Cassie McCracken and its [sic] customary for CPS to return children to a mother on drugs and have a drug history to leave the State of New York." (Dkt. No. 1, at 10, ¶ 12.) Even when construed with the utmost of special liberality, this allegation (which is based on a single conversation with a *non*-supervisor) does not plausibly suggest any policy or custom of New

York State or the County of Schenectady, much less a custom or policy to *"usurp[ ] the power of the courts by failing to follow the statutory guidelines of the Family Court Acts [Sections] 1024[ ] [and] 1026, [et] seq and not petitioning the court to determine the best interest of the child,"* which is the unconstitutional act alleged by Plaintiff. (*Id*. at ¶ 10 [emphasis added].) Indeed, Plaintiff's Complaint rather expressly alleges that "CPS" interacted with both Plaintiff and his child, and participated in court proceedings regarding his child. (*See generally* Dkt. No. 1, at 8-12.)

Second, generally, before a district court dismisses a *pro se* complaint, the plaintiff will be allowed to amend that complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").[1] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir.2000); *Brown*, 1997 WL 599355, at *1.

---

[1] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend was not an abuse of discretion where the amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").

Here, the Court finds that the numerous defects in Plaintiff's detailed and comprehensive Complaint are substantive rather than merely formal, such that any amendment would be futile. For these reasons, Plaintiff will not be given leave to amend his Complaint before it is dismissed.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

Dated: March 31, 2014
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge